UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ABRY L. WHITE                                                    CIVIL ACTION

VERSUS                                                           NUMBER: 17-11083

THE 34TH JDC JUDGE                                               SECTION: "B"(5)
ROBERT A. BUCKLEY, ET AL.

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Abry L. White, against Defendants, Judge Robert A. Buckley and Clerk Randy Nunez of the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana. (Rec. doc. 4, pp. 1, 5).

Plaintiff is an inmate of the Elayn Hunt Correctional Center in St. Gabriel, Louisiana who is serving a 25-year sentence following his conviction for forcible rape on May 27, 2017. As his statement of claim herein, Plaintiff alleges as follows:

1. I want 3 True Copies of my Court Transcripts for Case No. 13-08492

2. I want 5 True Copies of my Court Minutes for Case No. 13-08492

3. I want 5 True Copies of my Waiver of Constitutional Rights Plea Bargain Agreement . . For Case No. 13-08492

(The 34th JDC will not send me these requested items through the mail for Case No. 13-08492)

My claim is that I have the right to these legal documents for legal purposes free of charge.

(Rec. doc. 4, p. 5).

In his prayer for relief, Plaintiff seeks a court order directing Judge Buckley and Clerk of Court Nunez to provide him with the court records that he seeks via certified mail. (Rec.

doc. 4, p. 6). He also requests court-appointed counsel to minimize the possibility of this matter being dismissed as frivolous, malicious, or failure to state a claim as he "ha[s] other suits to file." (*Id.*).[1]

As noted earlier, Plaintiff has instituted suit herein IFP pursuant to 28 U.S.C. §1915. (Rec. doc. 6). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis of law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

A prisoner is not entitled to a free copy of his state trial transcript and record to search for possible error upon which to base a petition for collateral relief in the future merely because he is indigent. *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975); *United States v. Herrera*, 474 F.2d 1049, 1049-50 (5th Cir.), *cert. denied*, 414 U.S. 861, 94 S.Ct. 77 (1973); *Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971); *Bennett v. United States*, 437 F.2d 1210, 1211 (5th Cir. 1971); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970). Rather, the burden is on the prisoner to demonstrate that the requested records are needed to resolve a real, specific issue or that there is a particularized need for the documents. *See United States v. MacCollom*, 426 U.S. 317, 326-27, 96 S.Ct. 2086, 2092-93 (1976); *Moore v.*

---

[1] Plaintiff previously filed two lawsuits in this forum that were dismissed on precisely those grounds. *White v. Gordon, et al.*, No. 17-CV-1879 "J"(2); *White v. Pohlmann, et al.*, No. 17-CV-1876 "G"(5). Should this matter meet a similar fate, Plaintiff would be barred from filing any further suits IFP unless he was "… under imminent danger of serious physical injury." 28 U.S.C. §1915(g).

*Wainwright*, 633 F.2d 406, 408-10 (5th Cir. 1980); *Route v. Blackburn*, 498 F.Supp. 875, 877 (W.D. La. 1980).

Plaintiff's blanket request for a free copy of various documents that were generated in his state criminal case fails to establish a particularized need for those documents. Moreover, aside from his request for court-appointed counsel, a request the Court views as unwarranted given the meritless nature of his allegations, *Potts v. Texas*, 354 Fed.Appx. 70, 71 (5th Cir. 2009), the relief that Plaintiff seeks in the instant matter is in the nature of mandamus. On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought. *See Page v. Bacarisse*, 80 Fed.Appx. 299 (5th Cir. 2003); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96 (5th Cir. 1973); *Moye v. Clerk*, Dekalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial District of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970). In light of these clear authorities, it will be recommended that Plaintiff's complaint be dismissed with prejudice pursuant to §1915(e)(2)(B)(i) and (ii).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 17th day of November, 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.